PHILIP MOOREY v. STATE OF OHIO.

**1. Leave of Court of Appeals Obtained Essential to Review Affirmance by Common Pleas of Conviction by Mayor.**

By virtue of the requirements of Sec. 13246 G. C., one who has been convicted before a mayor for a violation of the law prohibiting the sale of intoxicating liquors in a city, which judgment has been affirmed by the common pleas court, must, before filing a petition in error in the court of appeals obtain leave of that court after good cause shown therefor and within the time limited in said section.

**2. Court of Appeals not "In Session" When Term is Formally Held Open.**

In computing the time within which the same must be filed, the language of the statute "When a reviewing court is not in session" means, not in session in the county in which the litigation is pending, unless the court has fixed some other county of the appellate district for the hearing of such cases, and the court of appeals is not to be deemed in session in the county in which the litigation is pending simply because the term of court therein has been formally held open.

**3. Leave to File Petition to Review Lower Courts Refused when Record Discloses Lower Courts Correct.**

If an examination of the entire record of a case coming within that statute clearly discloses that the judgments of the lower courts are right, leave to file a petition in error will be refused.

ERROR.

*Edward Beverstock* and *A. R. Campbell,* for plaintiff in error.

*William B. James,* city solicitor, for defendant in error.

## RICHARDS, J.

Philip Moorey was convicted before S. W. Bowman, mayor of the city of Bowling Green, on a charge of selling and furnishing intoxicating liquor to one John Goodman, in violation of Sec. 13232 G. C., known as the Beal local option law, and sentenced to pay a fine of two hundred dollars. He prosecuted error to the court of common pleas where the judgment of conviction was affirmed on December 27, 1916.

Moorey v. State.

On the day the judgment was affirmed he filed a petition in error in the court of appeals to secure a reversal thereof, but this petition in error was filed without leave being granted therefor, as required by Sec. 13246 G. C. On April 23, 1917, the plaintiff in error, through his counsel, notified the defendant in error that he would apply to the court of appeals at the court house in the city of Bowling Green on Monday, April 30, 1917, at nine o'clock A. M., or as soon thereafter as counsel could be heard, for leave to refile the petition in error for the reason that the same had been filed without leave of court.

The state strenuously resists the application for leave to file a petition in error, or to refile the one which has already been filed, basing the objection on the ground that the right to file the same is barred by the terms of the statute last cited, and on the further ground that, even if the application is within time, the conviction and the affirmance thereof were required by the evidence and, therefore, that no good cause has been shown for granting the application.

The court, when these matters came on for hearing, informed counsel that it would hear the application for leave to file or refile the petition in error and at the same time would hear arguments upon the merits of the case and determine the whole controversy at one time.

By reason of the provisions of Sec. 13246 G. C. no authority existed for filing a petition in error until the court of appeals, after good cause shown therefor, had granted leave to file the same. We will, however, treat the application as one for leave to file a petition in error. The statute cited provides that such petition in error must be filed on or before thirty days after the judgment complained of, and that when the reviewing court is not in session within the time provided for, the motion for leave to file a petition in error and the petition in error may be filed with and heard by such reviewing court within ten days after it is in session. It is under this latter clause that plaintiff in error claims he is in time with this application.

The court of appeals began its regular session in Wood county on Monday, October 16, 1916, continuing in session in the city of Bowling Green throughout that week, and was not in

session in Wood county from that time until April 30, 1917. The October term of court was, however, kept open for the transaction of such further business as might properly come before the court, such business being transacted, by consent of counsel, in Lucas county where the court of appeals during the greater portion of that time was in session.

The language of the statute, "When a reviewing court is not in session," means not in session in the county in which the litigation is pending, unless the court has fixed some other county of the appellate district for the hearing of such cases, and the court is not in session, within the meaning of the statute, simply because the term of court has been formally held open for the purposes already stated. This view is confirmed by the fact that the statute uses the expression "thirty court days," and certainly days when the court was engaged in the transaction of official business in Lucas county or elsewhere could not be counted as court days in Wood county, the court not having fixed any county other than Wood for the hearing of cases pending therein. The next term of the court of appeals in Wood county began on April 30, 1917, and the plaintiff in error makes this application on the first day of the term and is within the limitation prescribed by statute in so doing.

The case having been argued not only upon the application for leave to file a petition in error, but upon the merits, we have read the entire record with a view to ascertaining whether the conviction was justified by the evidence. The bill of exceptions contains at least the usual conflict found in cases of this character. It would be of no advantage to review this evidence. Suffice it to say that, after a careful examination, we are clearly of opinion that there was sufficient evidence to justify the mayor in finding the defendant guilty. Having reached this conclusion, it would be futile to permit the filing of the petition in error and then immediately enter a judgment of affirmance, and for these reasons we have determined that no good cause has been shown for granting leave to file the petition in error, and the application for such leave will therefore be refused.

**Chittenden** and **Kinkade, JJ.**, concur.